BURGISS v. WESTMORELAND.

1. ASSIGNMENT FOR CREDITORS—RELEASE—SEAL.—An assignment for the benefit of creditors provided a preference for all creditors who should execute a release of all demands within sixty days from that date. *Held*, that releases not under seal would discharge the debtor, and, therefore, were a substantial compliance with the condition of the deed, and the makers were entitled to share the preference *pro rata* with those who executed releases that were under seal.

2. CASE CRITICISED.—This case distinguished from Jaffray *v*. Steedman, 35 S. C., 33.

3. RELEASES—TIME—SIXTY DAYS.—A release executed and mailed on April 5, and received on April 6, of a leap year, was within sixty days of the date of the deed of assignment on February 6.

Before FRASER, J., Greenville, August, 1892.

In addition to the matters stated in the opinion, Fleishman & Morris executed and mailed their release at Greenville, S. C., in the afternoon of April 5, 1892, and it went off by the next mail, which left at 1 o'clock in the night, and reached the home of the assignee a half hour afterwards, and was received by him with his mail next morning. The Circuit decree was as follows:

This case involves questions which have arisen between creditors claiming under a deed of assignment made by an insolvent debtor. I regard an elaborate discussion of the question as not necessary. I have always regarded a release as an instrument of writing under seal. Says Mr. Justice Swayne, of the Supreme Court of the United States, in *Oelrichs* v. *Spain*, 15 Wall., 229: "If it (the paper claims to be a release) were not by a *sealed instrument*, it would not be a technical bar even in a suit at law." An express release would be regularly in writing and by "deed," *i. e.*, under seal. See Bacon's Abridgment Release (A). The general rule is, that a release must be under seal. See Chit. Cont., 775.

Unless there should be something in the act and in the deed of assignment to show that the word release is used in some sense other than its technical sense, as a formal release in writ-

ing and *under seal*, I must assume that this technical sense was intended. It may be that those creditors who did not give releases under seal would be bound if they accepted dividend in the same class as those who executed releases under seal. But this is not the question. The rights of the creditors who claim preference depend on the question, whether they have complied with the terms of the assignment. As said by the court in *Jaffray* v. *Steedman*, the court has no dispensing power. I, therefore, hold, that neither of the defendants, Drewry, Hughes & Co., M. S. Block & Co., Dorman & Cannon, Arnold & McCord, or Fleishman & Morris, have complied with the terms of the assignment, by filing releases under seal within the time limited therein.

*Mr. J. A. McCullough*, for appellant.

*Messrs: Haynsworth & Parker*, contra.

March 16, 1893. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. It seems that one S. B. Hutchings, on February 5, 1892, executed to T. T. Westmoreland an assignment for the benefit of his creditors, which, among other things, provided that the assignee "should pay in full (if the residue of the proceeds be sufficient) the claims of all the creditors of the assignor, said Hutchings, who may, within sixty days from the date hereof (February 5, 1892), accept the terms of the assignment, and execute a release of their claims against him; and if the residue of such proceeds be not sufficient to pay said claims in full, then to apply said residue ratably and in proportion; and fourth, if there should be any residue of said proceeds remaining after the payment in full of the claims of such of the creditors as may accept the terms of this assignment and execute a release of their claims against him," &c.

It further appears that the estate was small, and that there were quite a number of creditors, viz: W. W. Burgiss, Mrs. V. E. Bailey, Mary E. Cunningham, Drewry, Hughes & Co., M. S. Block & Co., Dorman & Cannon, Arnold & McCord, and Fleishman & Morris. The three first named of these creditors, the plaintiffs, accepted the terms of the assignment, and "exe-

cuted releases" under seal, within the sixty days allowed, and have an undoubted right to come in under paragraph No. 3 of the assignment. All the other creditors named as defendants herein, also, within the time allowed, accepted in writing the terms of the assignment, and "executed releases," but said releases were *without seals;* and thereupon the three creditors, the plaintiffs, who had released under seal, instituted this proceeding against the assignee and all the other creditors, to enjoin them from coming in under paragraph No. 3, for the reason that, as alleged, they had not complied with the requirements of the deed of assignment, in that they had not attached seals, or any thing indicating "*locum sigilli,*" to their releases respectively. All the defendant-creditors claim that they have complied with the terms of the deed of assignment, and are entitled to come in with the most favored class. The only question made is whether a seal or some scroll at the end of the signature of the creditor to his release is indispensable.

The matter came up for a hearing before his honor, Judge Fraser, who, stating "that, unless there should be something in the act and in the deed of assignment to show that the word 'release' was used in some sense other than its technical sense as a formal release in writing and under seal, I must assume that this technical sense was intended;" and he, therefore, held "that neither Drewry, Hughes & Co., M. S. Block & Co., Dorman & Cannon, Arnold & McCord, or Fleishman & Morris, have complied with the terms of the assignment, by filing releases under seal within the time limited therein," &c. From this decree, the creditors, who are defendants, appeal to this court, upon the following exceptions: I. Because his honor erred in holding that the defendants had not filed with the assignee the "releases" required by the deed of the assignment set out in the case. II. Because his honor erred in holding that it was necessary, under the deed of assignment in this case, that the release provided for in said deed should *be under seal.*

It is true, that the word "release," when not interpreted by the context, has a technical meaning, which presupposes *a seal.* But it is also an apt word to express the general idea

of "discharge," "deliverance." Neither the assignment act nor the deed of assignment makes any mention of *a seal;* and we think it manifest that the only object of requiring the "execution of a release" was to secure, under certain conditions, the absolute discharge of the debtor as to the portion of the debt not paid by the *pro rata* under the assignment; and, as a consequence, that a paper which is sufficient for that purpose is a substantial compliance with the requirement, although not a technical release under seal. As the instruments executed in time, with or without seals, would discharge the debtor, it would seem very technical to hold that a creditor should be deprived of all benefit under the assignment simply because his relinquishing paper is without a seal. "Although, in general, a creditor, who separately agrees to take less than his entire demand, is not legally bound by such agreement, for want of adequate consideration, yet where several creditors, on the faith of other stipulations, enter into an agreement of that nature, whether by deed or unstamped memorandum, each is legally bound by it, and he cannot either privately receive, or sue his debtor for, a larger dividend than the rest." Chit. Prom. Notes, 279. "The acceptance in writing of the terms of an assignment, and especially the receipt of a portion of the proceeds of the assigned estate, is a sufficient consideration to support the agreement to accept in full, and neither the acceptance nor the receipt need be under seal." *Arnold* v. *Bailey,* 24 S. C., 497; *Tennant* v. *Stoney,* 1 Rich. Eq., 222; *Jaffray* v. *Steedman,* 35 S. C., 38; *Pierce, Butler & Co.* v. *Jones,* 8 *Id.,* 273; *Aiken* v. *Price,* Dudley, 50.

The case of *Jaffray* v. *Steedman, supra,* was cited for the respondents; but that was a different case from this in several particulars. In that there was no separate release at all, either with or without a seal; but it was contended that the mere acceptance of the assignment was enough, as that involved also the "release" required. It is expressly stated in the judgment of the court, as follows: "No creditor of Purdy & Co., other than the plaintiffs, has filed a formal 'release' under seal, or in a separate written instrument,"

which was a clear intimation that such an instrument not under seal might suffice.

Something was said in the argument here as to whether the "release" of Fleishman & Morris was executed within the sixty days, but as nothing was said upon the subject in the decree of the judge, we assume that he did not regard the point as well taken, in which we concur.

It is the judgment of this court, that the judgment of the Circuit Court, in holding that Drewry, Hughes & Co., M. S. Block & Co., and Fleishman & Morris have not complied with the terms of the assignment, by filing "releases" under seal within the time limited therein, be reversed, and the case remanded to the Circuit Court for such orders as may be deemed necessary.